OPINION OF THE COURT
Dan Lamont, J.
The District Attorney of Schoharie County makes application to this court for an order directing the Schoharie County Sheriff to deliver and produce defendant Ronald J. Whitbeck, Jr., before the Justice Court, Town of Richmondville, on July 22, 1987 at 6:30 p.m. For the reasons which follow, such application should be and is hereby denied.
*266 The defendant is confined to the Schoharie County Jail pursuant to the order of the Town Court, Town of Schoharie. Misdemeanor charges against the defendant are pending in the Town Court, Town of Richmondville.
CPL 560.10 (1) provides as follows:
"1. When a criminal action is pending against a defendant who is confined in an institution within the state pursuant to a court order issued in a different action, proceeding or matter, the following courts and judges may, under the indicated circumstances, order that the defendant be produced in the court in which the criminal action is pending for purposes of arraignment or prosecution therein:
"(a) If the action is pending in a superior court or with a superior court judge sitting as a local criminal court, or in a district court or the New York City criminal court, such court may, upon application of the district attorney, order the production therein of a defendant confined in any institution within the state.
"(b) If the action is pending in a city court or a town court or a village court, such court may, upon application of the district attorney, order production therein of a defendant confined in a county jail of such county. Production therein of a defendant confined in any other institution within the state may, upon application of the district attorney, be ordered by a judge of a superior court holding a term thereof in the county in which the action is pending.” (Emphasis supplied.)
The noted former criminal law professor and commentator and now Associate Judge of the Court of Appeals Joseph W. Bellacosa has written the following Practice Commentary regarding CPL 560.10: "This section provides the mechanics for securing the attendance of defendants confined in institutions within the State. In line with procedures established elsewhere in the CPL, the orders of a superior court, a superior court judge sitting as a local criminal court, a District Court and the New York City Criminal Court are given broad, state-wide applicability, while those of other local criminal courts are more restricted, territorially and otherwise.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 560.10, at 141; emphasis supplied.)
CPL 560.10 (1) (b) clearly provides that if a criminal action is pending in a Town Court, such court may upon application of the District Attorney, order production therein of a defendant confined in a county jail of such county. Therefore, a *267 Town or Village Court in Schoharie County may clearly order production therein of a defendant confined in the Schoharie County Jail upon the order of another local criminal court. The word "may” means that the Town or Village Court in the exercise of discretion can either grant or deny such application by the District Attorney.
Of course, the Sheriff can and should, pursuant to CPL 560.10 (1) (b), require a written application to and a written order from the Town Court ordering the production therein of a defendant confined upon the order of another local criminal court.
No application to nor order of a Judge of the County Court is required under the circumstances presented in the instant application. Accordingly, such application should be, and the same hereby is, denied, without prejudice to the Schoharie County District Attorney to make such application to the Town Court, Town of Richmondville, wherein the action is pending.